UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GERRY THOMAS** | **CASE NO. 2:22-CV-05952** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROCTOR FINANCIAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendants National Fire and Marine Insurance Company and Proctor Financial Inc.'s Rule 12(b)(1) and/or 12(b)(6) Motion to Dismiss" (Doc. 12) and "Defendant NewRez LC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss" (Doc. 14).

## INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. On or about October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. During the relevant time period, Plaintiff owned property located in Lake Charles, Louisiana, which was financed by NewRez LLC and/or Shellpoint Mortgage Servicing ("Shellpoint") through a mortgage agreement. Also during that same time period, Proctor Financial Insurance Corporation and/or Proctor Financial, Inc. ("Proctor") and/or National Fire and Marine Insurance ("National") had issued a lender-placed policy to protect Shellpoint's interest in the mortgaged property because Plaintiff failed to provide insurance as required by the mortgage agreement between Plaintiff and Shellpoint.

In his Petition for Damages initially filed in state court, Plaintiff, Gerry Thomas, alleges that Proctor/National failed to properly adjust his loss claims regarding the property as a result of Hurricanes Laura and Delta. At some point, subsequent to the Hurricanes, Plaintiff contacted Shellpoint and requested that he be appointed as the representative to allow him to proceed against Proctor/National to recover the damage caused by the Hurricanes. Shellpoint rejected Plaintiff's request and did not pursue additional amounts claimed for hurricane damage limits, which Plaintiff alleges he is entitled to from Proctor/National. Plaintiff alleges that Shellpoint's refusal to pursue additional amounts claims for the hurricane damages, limited the amount he would or could have received from Proctor and/or National.

Plaintiff is attempting to recover damages for mental anguish, aggravation, and inconvenience from Shellpoint and/or Proctor/National's actions, including additional sums for repairs, other structure, contents, debris removal, and additional living expenses, as well as penalties, attorney fees, and costs pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Smith v. Reg'l Transit Auth.* 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com. Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.*

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. *Warth v Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197 (1975). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### **RULE 12(b)(6) STANDARD**

The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans,* 2003 WL 22208578, at *1 (E.D. La. 2003) (quoting *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1991).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants, Proctor/National and Shellpoint, move to dismiss the instant lawsuit because Plaintiff does not have standing to bring these claims and the Petition fails to state

a claims for insurance benefits against these Defendants. As previously noted, the insurance policies at issues are lender-placed policies that Shellpoint procured from Proctor/National to protect its interest in the mortgaged property. Consequently, Shellpoint is the insured under the subject policies. "Although the borrower typically pays the insurance premium [for lender placed policies] through its mortgage lender, the insurance policy is for the benefit of the mortgagee." *Brown v. Am. Mod. Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017).

In order to bring a claim arising from an insurance policy, a plaintiff must be either (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Gary v. Am. §. Ins. Co.*, 2021 WL 2143061,, at *2 (W.D. La. May 26, 2021). Within the context of "force-placed" or "lender-placed" policies issued to a mortgagee of a covered property, Louisiana law has consistently held that a borrower has no standing to bring a claim against an insurer. *Ortego v. First Am. Title Ins. Co.*, 569 So.2d 101, 106 (La. Ct. App. 1990); *Trosclair v. Chicago Titile Insurance Company*, 374 So.2d 197 (La.App. 4th Cir. 1979); *Kilson v. Am. Rd. Ins. Co.*, 345 So.2d 967, 969 (La.App. 4th Cir. 1977).

Plaintiff maintains that he is a third-party beneficiary of the insurance policies pursuant to a stipulation *pour autrui.* The party claiming the benefit of this status bears the burden of pleading and supporting the claim. *Sinegal v. American Security Insurance Co.*, 2021 WL 3183287, *2 (W.D. La. July 27, 2021). A stipulation *pour autrui* is never presumed. *Smith v State Farm Ins. Co.*, 869 So.2d 909, 912-13 (La.App. 4 Cir. 3/3/04)

(quoting *Homer v. Nat. Bank v. Tri--District Development Corp.*, 534 So.2d 154, 156 (La.App. 3 Cir. 1988)).

There are three requirements for a valid stipulation *pour autrui*: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Lee v. Safeco Ins. Co. of America*, 2008 WL 2622997, *3 (E.D. La. July 2, 2008). Plaintiff argues that there is certainty as to the benefit to accrue to him and relies on the following policy language concerning subrogation:

> In the event the Underwriters makes any payment under this policy, it shall be subrogated to the extent of such payment **to all rights of the Named Insured and of the Borrower** against any party who may be legally liable for causing damage to or destruction of the property securing the loan in question.[1]

Plaintiff also relies on the policy language in the Mortgage Guard Endorsement portion of the policy:

> When Covered Residential Property or Covered Mobile Home Property is designated as HO (Homeowners) by the "specific reporting" method and as to such property you are required pursuant to the terms of a written escrow agreement to procure or maintain in force insurance on behalf of a "borrower," but fail to do so because of an unintentional error by the Named Insured or by the person or entity that is responsible for tracking insurance for the Named Insured, . . .[2]

Plaintiff also relies on a later provision of that Endorsement, in the Property Coverage Limits section:

---

[1] Doc. 12-2, p. 7.
[2] *Id.* p. 62.

> . . . but we will pay no more than the actual amount of direct physical loss or damage to the reported premises, or the actual amount incurred for loss of use of the reported premises, determined in accordance with the terms and conditions of the "borrower's policy" which would have been in effect but for you unintentional error or omission, less the amount due you or the "borrower" from all other insurance on the Covered Residential Property or Covered Mobile Home Property.

Finally, Plaintiff refers he Court to the following Definition in the Endorsement:

> "Borrower's Policy" means the insurance policy the Named Insured is required, pursuant to the terms of a written escrow agreement, to procure or maintain in force insurance on behalf of a "borrower" with proceeds from the "borrower's" escrow account, whether or not such policy was actually procured or maintained.[3]

Defendant, Shellpoint, argues that Plaintiff did not allege that he was an intended third-party beneficiary, and even if the Court allowed Plaintiff to Amend the Petition, the insurance policy does not make it manifestly clear that a benefit is owed to Plaintiff by the insurer.

First, as noted by Shellpoint, the subrogation provision stipulates National's right to subrogate any payment against Shellpoint or Plaintiff's right to recover against third parties. The remaining provisions protect Shellpoint when and if a mortgage or other written escrow specifically requires the lender to maintain lender-placed insurance policies for the benefit of a borrower. Plaintiff has failed to allege and/or establish that this mortgage agreement requires that the policy be "for the benefit of the borrower." The insurance policy is for the benefit of the mortgagee to protect its interest in the mortgage because Plaintiff failed to procure an insurance policy as required by the mortgage agreement

---

[3] *Id.* p. 64.

between Plaintiff and the lender. As such, the provisions cited by Plaintiff do not clearly manifest a benefit to Plaintiff, rather the Declaration page and the policy names Shellpoint as the Insured,[4] and anguage in the loss payment provision identifies only Shellpoint as the Named Insured.[5]

## CONCLUSION

Because he is not a named insured, an additional named insured, or an intended third-party beneficiary of the policy, Plaintiff lacks standing to enforce the insurance policy. In addition, Plaintiff's Petition fails to state a claim for insurance benefits. Accordingly, the Court will grant Defendants' motion and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 5th day of January, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Id.* p., Declaration Page, and p. 1 of the policy ("Named Insured means the Lending Institution named on the Declaration Page...").
[5] *Id.* p. 5.